IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHARON EGBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:19cv133-GMB |
| | ) | [wo] |
| AUTO CLUB FAMILY INS., CO., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Now before the court is a Motion to Remand filed by Plaintiff Sharon Egbert. Doc. 8. Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have consented to the jurisdiction of a United States Magistrate Judge. Docs. 13 & 14. After careful consideration of the parties' submissions and the applicable law, for reasons to be discussed, the Motion to Remand is due to be DENIED.

**I. FACTS AND PROCEDURAL BACKGROUND**

Egbert alleges that she insured her home and its contents against loss by fire and other perils with Defendant Auto Club Family Insurance Company ("Auto Club"). Egbert's home was wholly destroyed or damaged by fire in September 2017. She alleges that Auto Club has refused to pay on her claim for insurance. Doc. 2-1. She seeks compensatory damages for the loss to her dwelling home and contents, compensatory damages for mental anguish and emotional distress, and compensatory and punitive damages for Auto Club's bad faith refusal to pay the claim.

Auto Club has presented an affidavit of its investigator, David Seymour, who states that Auto Club retained, with Egbert's permission, a content management and inventory company called CodeBlue. Doc. 2-4. CodeBlue assisted Egbert in making an inventory of the items of personal property that Egbert claimed to have been damaged or destroyed by the fire. Doc. 2-4 at 2. CodeBlue prepared a Content Valuation Summary listing the items it deemed to be non-salvageable and the replacement cost of each item. The total estimated replacement cost of these items is $291,068.53. Doc. 2-4 at 3.

## II. STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Repub. St. Exec. Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983), *cert. denied*, 465 U.S. 1103 (1984). Federal courts therefore only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377. Because federal jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not clear. *See Burns*, 31 F.3d at 1095.

## III. DISCUSSION

In her motion, Egbert does not dispute that the parties are completely diverse, but instead contends that Auto Club has not demonstrated that the requisite amount is in controversy. Egbert initially advanced the argument that, under *Lowery v. Alabama Power Company*, 483 F.3d 1184 (11th Cir. 2007), this court may consider only the

removing documents. Auto Club, by contrast, has relied on *Pretka v. Kolter City Plaza II, Incorporated*, 608 F.3d 744, 752 (11th Cir. 2010), to support this court's consideration of other evidence, pointing out that it removed the case within thirty days of its receipt of the complaint.

Because this case was removed within thirty days of the service of the summons and complaint on Auto Club, *see* 28 U.S.C. § 1446(b), the standards enunciated in *Pretka* govern. In *Pretka,* the Eleventh Circuit held that, as to removals based on the first paragraph of § 1446(b), no limitations exist as to the evidence a federal court may consider when the removal is timely. *See Pretka*, 608 F.3d at 768 (rejecting dicta in *Lowery* that a removal under the first paragraph of § 1446(b) must be based on a document received from the plaintiff). Because the instant case was removed under paragraph one of § 1446(b), "the evidence the defendant may use to establish the jurisdictional facts is not limited to that which it received from the plaintiff or the court." *Id.*

Having resolved the question of what evidence the court may consider, this analysis turns to the question of what the evidence before the court proves. Auto Club argues that it has presented sufficient proof that more than $75,000 is in controversy in the form of the affidavit of its employee, David Seymour, who stated that CodeBlue estimated the replacement cost of Egbert's items as $291,068.53. Doc. 2-4. Auto Club also points out that Egbert's claims in this case include not only the personal property lost or damaged, but also a loss to her residence, which she alleges was wholly destroyed or damaged by the fire; compensatory damages for mental anguish and emotional distress; and compensatory

and punitive damages for bad faith refusal to pay. Doc. 2-1.

Egbert's position is that even under the *Pretka* standard Auto Club has not established the requisite amount in controversy because its evidence relies on speculation. Specifically, Egbert notes that Auto Club does not provide an appraisal of the value of the home, but instead relies on an inventory of damaged property even though some of these items may not be covered under the policy at issue. The amount in controversy inquiry, however, does not require proof of what a plaintiff ultimately will recover, but instead turns on the amount that will be at issue during the case. *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1318 (11th Cir. 2014) (citing *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) ("The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation.").

Egbert also argues that Auto Club has engaged in speculation by merely identifying potential damages, and cites to decisions in which the defendant attempted to establish the requisite amount in controversy with "a 'mere listing' of the category of mental anguish damages as the basis for removal." *Rachel v. PNC Bank*, *NA*, 2017 WL 1362034, at *7 (S.D. Ala. Apr. 10, 2017), *appeal dismissed*, 2017 WL 5667972 (11th Cir. July 11, 2017). In this case, however, Auto Club has not merely relied on Egbert's claims for mental anguish or punitive damages, but has presented affidavit and documentary evidence valuing one component of the damage which forms the basis of Egbert's claims. Doc. 2-4. Other district courts sitting within this circuit have denied remand based on similar

4

evidence. *See JZ Auto Serv., Inc. v. Western Heritage Ins. Co.*, 2014 WL 12461366 (S.D. Fla. July 24, 2014); *Hicks v. Am. Modern Ins. Co.*, 2011 WL 1753504, at *2 (S.D. Ala. May 6, 2011).

For example, in *JZ Auto Service*, 2014 WL 12461366, at *2, the defendant presented an affidavit in which its employee averred that the plaintiff's adjuster submitted a list of allegedly damaged property totaling $82,480. The court reasoned that although "the terms of the policy may limit or reduce the amount of proceeds, if any, Plaintiff is due under the policy," the defendant had met the burden of proving by a preponderance of the evidence that the amount in controversy exceeded $75,000. *Id.*

In *Hicks*, 2011 WL 1753504, at *1–*2, the plaintiff claimed damages including the loss of a dwelling and property. The court concluded that it was likely that the plaintiff would seek the policy limits of $60,000 for the loss of her dwelling, and the court considered that the plaintiff submitted to the adjuster a personal property inventory form in which she calculated the personal property lost as a result of the fire at nearly $80,000. The court reasoned that even if the policy provided for recovery of "only some fraction" of the personal property losses, "the preponderance of the evidence plainly establishes that the amount in controversy as to the loss of the personal property more likely than not exceeds $15,000." *Id.* at *2.

The court is persuaded by this line of reasoning. Here, evidence has been presented that the lost or damaged personal property aspect of Egbert's claim is $291,068.53, which substantially exceeds $75,000. Egbert does not dispute that this is

5

the amount of personal property damages she seeks. *See South Fla. Wellness, Inc.*, 745 F.3d at 1318. Even if Egbert's policy ultimately covers less than the full amount of the property losses she has claimed, the court has considered this aspect of Egbert's claim, along with her claims for the loss of her residence, mental anguish, and punitive damages, and concludes that Auto Club has shown by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000. *See Hicks*, 2011 WL 1753504, at *2.

## IV. CONCLUSION

For these reasons, diversity subject matter jurisdiction exists in this case and it is ORDERED that the Motion to Remand (Doc. 8) is DENIED.

DONE on the 11th day of April, 2019.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE